**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

RONAL ROMEO LEMUS LEMUS,       )
                                         )
          *Petitioner*,              )
                                         )
       v.                     )      1:26-cv-1998 (PTG/LRV)
                                         )
JEFF CRAWFORD, *et al.*         )
                                         )
         *Respondents*.         )
                                         )

## ORDER

This matter comes before the Court on Petitioner Ronal Romeo Lemus Lemus' Petition for a Writ of Habeas Corpus (the "Petition").[1] Dkt. 1. Petitioner is a citizen of Guatemala, who entered the United States without inspection in or about 2004. *Id.* ¶ 3. According to the Petition, on or about July 1, 2026, Petitioner was arrested during a traffic stop and taken into federal immigration custody. *Id.* ¶ 29. Petitioner has since been detained at the Farmville Detention Center in Virginia, which is within this Court's jurisdiction. *Id.* Petitioner now brings suit against Jeff Crawford, Warden of the Farmville Detention Center, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 15-19. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 6. Upon consideration of the Petition

---

[1] Paragraph 4 of the Petition states "[h]ere is a more polished and persuasive version suitable for a legal declaration or brief[,]" which indicates to the Court that Petitioner's counsel used a generative AI tool in drafting the Petition. Dkt. 1 ¶ 4. Counsel is admonished to use such technology carefully, which includes meticulously reviewing its output to ensure no errant, hallucinated, or misleading text or authority is presented to the Court. Any such errors can result in the striking of the filing or further sanctions as warranted.

1

(Dkt. 1) and Respondents' Opposition[2] (Dkt. 6), the Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

The Court finds that Petitioner is not "seeking admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 6. As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g.*, *Hasan v. Crawford*, 800 F. Supp. 3d 641, 655 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions.[3] *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 800 F. Supp. 3d at 653 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

---

[2] In accordance with the Court's show cause order (Dkt. 6), Respondents filed a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Andrade Portillo v. Perry, et al.*, 1:25-cv-1646 (E.D. Va.). Accordingly, Respondents' substantive arguments in *Andrade Portillo* will be incorporated into this matter.

[3] *See Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear" that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here").

2

The Petition alleges, and Respondents do not dispute, that Petitioner has continuously resided in the United States for more than two decades since his entry into the country in 2004.[4] Dkt. 1 ¶ 26. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order.[5] Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal,

---

[4] Additionally, the Petition alleges, and Respondents do not dispute, that Petitioner "has no criminal history either in the United States or in his country of origin that would make him subject to the mandatory detention under 8 U.S.C. § 1226(c)." Dkt. 1 ¶ 27.

[5] When Petitioner files a notice of his fixed address, he should make such filing under seal.

3

state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this /6 day of July, 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

4